JUNIE BARNEDO and JUAN BARNEDO, Plaintiffs/Appellees/Cross-Appellants,
v.
ERLINDA DOMINGUEZ, dba THE LAW OFFICES OF ERLINDA DOMINGUEZ, Defendant/Appellant/Cross-Appellee, and
RON R. ASHLOCK; THOMAS KASTER; WILLIAM COPULOS; DAVID KUWAHARA; THOMAS WALSH; JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10; AND ROE GOVERNMENTAL ENTITIES 1-10, Defendants
No. 28550
Intermediate Court of Appeals of Hawaii.
April 8, 2009.
Erlinda Dominguez, Defendant/Appellant/Cross-Appellee pro se.
Collin M. Fritz (Trecker & Fritz) Francis T. O'Brien for Plaintiffs/Appellees/Cross-Appellants.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and NAKAMURA, JJ.)
Defendant/Appellant/Cross-Appellee Erlinda Dominguez, dba The Law Offices of Erlinda Dominguez, (Dominguez) appeals from the following orders filed in the Circuit Court of the First Circuit (circuit court)[1]: (1) "Order Granting in Part and Denying in Part Motion for Court Order in Regard to the Correct Amount of Interest" (Order Re Interest) filed on February 16, 2007; (2) "Order Denying Defendant's Motion for Reconsideration of Court Order Filed Feb. 16, 2007 Granting in Part and Denying in Part Motion for Court Order in Regard to the Correct Amount of Interest" (Order Denying Reconsideration Motion) filed on May 14, 2007; and (3) "Order Granting in Part and Denying in Part Plaintiffs' Motion for Costs and Fees Pursuant to [Hawaii Revised Statutes (HRS)] Sec. 607-14.7 and Denying Defendant's Oral Motion Pursuant to HRS Sec. 63 6-5" (Order Granting/Denying Motion for § 607-14.7 Costs and Fees) filed on May 15, 2007.
On appeal, Dominguez argues the following:
(1) The circuit court erred in granting a request for post-judgment interest made by Plaintiffs/Appellees/Cross-Appellants Junie Barnedo and Juan Barnedo (Barnedos).
(2) Even if the circuit court did not err in awarding post-judgment interest, the court erred by
(a) not awarding Dominguez a refund for an amount of interest she overpaid and
(b) making the commencement date of the interest the date of the February 9, 2004 Amended Judgment (Amended Judgment) rather than the date of the Hawai`i Supreme Court's November 27, 2006 Judgment on Appeal (Judgment on Appeal).
(3) The circuit court erred in granting Barnedos' March 2, 2007 "Motion for Costs and Fees Pursuant to HRS § 607-14.7" (Motion for § 607-14.7 Costs and Fees) because
(a) when Barnedos filed the motion, they had already filed on February 16, 2007 their Release and Satisfaction of Monetary Judgment (Release and Satisfaction);
(b) the award included items not authorized by HRS § 607-14.7 (1993); and
(c) the award exceeded the amount allowable under HRS § 607-14 (Supp. 2008).
Barnedos cross-appeal from the Order Re Interest, contending that the circuit court erred in denying post-judgment interest on attorneys' fees and costs awarded to Barnedos in the Amended Judgment.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Dominguez's points of error as follows:
(1) The circuit court did not abuse its discretion in granting Barnedos' request for post-judgment interest.
(a) HRS § 478-3 (2008 Repl.) and Hawai`i Rules of Appellate Procedure (HRAP) Rule 37 clearly provide for interest at a rate of 10% a year in any civil suit in the State of Hawai`i where a lower court judgment is affirmed without modification by the appellate court. In the instant case, the Supreme Court of Hawai`i affirmed on appeal the circuit court's Amended Judgment.
(b) Dominguez provides no persuasive or applicable authority for the following contentions, and we find none:
(i) Barnedos were required to request post-judgment interest prior to filing their memorandum in opposition to Dominguez's Motion for Court Order in Regard to the Correct Amount of Interest.
(ii) The circuit court's award of post-judgment interest "contradicted" or "improperly expanded" the Amended Judgment and Judgment on Appeal.
(iii) Barnedos were required to utilize a Hawai`i Rules of Civil Procedure (HRCP) Rule 60 (b) motion to first set aside the Amended Judgment. See HRCP Rule 60(b).
(iv) Dominguez cites to no applicable authority or evidence for her argument that Barnedos "acted in bad faith" when they "concealed" in their Motion for Pre-Judgment Interest and Attorneys' Fees that they would later be requesting post-judgment interest from the circuit court. See Best Place, Inc. v. Penn Am. Ins. Co., 82 Hawai`i 120, 124, 920 P. 2d 334, 338 (1996).
(c) We fail to understand the reasoning behind Dominguez's contention that the circuit court's award of post-judgment interest was essentially interest on pre-judgment interest. Regardless, there is no evidence in the record on appeal that the circuit court's award of post-judgment interest included such.
(d) The circuit court did not abuse its discretion by failing to award Dominguez a refund for an amount of interest she allegedly overpaid for the period January 31, 2007 to February 7, 2007. See HRS § 636-5 (1993). The evidence in the record on appeal reveals that despite the delivery of Dominguez's payment to Barnedos of the money judgment on January 30, 2007, the funds were not actually made available until after the circuit court filed its "Order Granting Plaintiffs' Motion for Order Directing Release of Money and for Order Directing Judicial Sale of Property" on February 9, 2007. Dominguez has not demonstrated to this court's satisfaction that she overpaid the verdict amount or interest thereon.
(e) The circuit court did not abuse its discretion in making the commencement date of the interest the date of the Amended Judgment because the Hawai`i Supreme Court affirmed the Amended Judgment in its entirety. HRAP 37; see also Richards v. Kailua Auto Mach. Serv., 10 Haw. App. 613, 625-26, 880 P.2d 1233, 1239-40 (1994).
(2) The circuit court did not abuse its discretion in granting Barnedos' Motion § 607-14.7 Costs and Fees.
(a) Notwithstanding the fact that Barnedos had already filed their Release and Satisfaction when they moved for HRS § 607-14.7 Costs and Fees, HRS § 607-14.7 does not specify when a party must move for fees and costs.
(b) The HRS § 607-14.7 attorneys' fees and costs Barnedos requested from the circuit court were of the type provided for in HRS § 607-14.7. The evidence on appeal reveals that Barnedos' counsel provided numerous services in obtaining satisfaction of the Amended Judgment.
(c) The circuit court did not award Barnedos an amount of attorneys' fees above the maximum amount allowable under HRS § 607-14.
(i) The circuit court's award of pre-judgment attorneys' fees was less than 25% of the verdict amount, including prejudgment interest. HRS § 607-14; see also Forbes v. Hawaii Culinary Corp., 85 Hawai`i 501, 511, 946 P. 2d 609, 619 (App. 1997) (holding "that the amount of the judgment upon which attorneys' fees are calculated under HRS § 607-14 should include prejudgment interest.").
(ii) We analyze the circuit court's award of HRS § 607-14.7 attorneys' fees according to HRS § 607-14.7, not the more general HRS § 607-14. See HRS §§ 607-14 and 607-14.7; Mahiai v. Suwa, 69 Haw. 349, 356, 742 P.2d 359, 366 (1987) (holding that "where there is a `plainly irreconcilable' conflict between a general and a specific statute concerning the same subject matter, the specific will be favored."). The amount of HRS § 607-14.7 attorneys' fees the circuit court awarded falls far short of the maximum allowable under HRS § 607-14.7.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Barnedos' points of error as follows:
(1) The circuit court did not abuse its discretion in failing to award post-judgment interest on the attorneys' fees awarded to Barnedos in the Amended Judgment, pursuant to HRS § 478-3 and HRAP Rule 37. Barnedos cite to no persuasive authority on this point, and we find none. Given the lack of authority on this question, we cannot say that the court abused its discretion.
(2) The circuit court abused its discretion in failing to award post-judgment interest on the costs awarded to Barnedos in the Amended Judgment. See Kamalu v. Paren, Inc., 110 Hawai`i 269, 280, 132 P.3d 378, 389 (2006) (holding that inasmuch as a plaintiff's interest computation was reasonable, the plaintiff was entitled to interest on its costs).
Therefore,
IT IS HEREBY ORDERED that the portion of paragraph (2) of the February 16, 2007 "Order Granting in Part and Denying in Part Motion for Court Order in Regard to the Correct Amount of Interest" wherein the circuit court denied Barnedos' request for post-judgment interest on costs is vacated, and this case is remanded for reconsideration consistent with this opinion. The remainder of the "Order Granting in Part and Denying in Part Motion for Court Order in Regard to the Correct Amount of Interest" is affirmed.
The May 14, 2007 "Order Denying Defendant's Motion for Reconsideration of Court Order Filed Feb. 16, 2007 Granting in Part and Denying in Part Motion for Court Order in Regard to the Correct Amount of Interest" and the May 15, 2007 "Order Granting in Part and Denying in Part Plaintiffs' Motion for Costs and Fees Pursuant to HRS Sec. 607-14.7 and Denying Defendant's Oral Motion Pursuant to HRS Sec. 636-5" are affirmed.
NOTES
[1] The Honorable Gary W. B. Chang issued the three orders.